UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOSEPHINE DAMATO,                                  2017 Civ. 5567 (___)

                     Plaintiff,

                                                               **COMPLAINT**

       -against-

THE STOP & SHOP SUPERMARKET COMPANY           Jury Trial Demanded
a/k/a STOP & SHOP, LLC.,

                     Defendants.
----------------------------------------------------------------------x

      Plaintiff, by her attorneys, THE GEWIRTZ LAW FIRM, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff JOSEPHINE DAMATO is a resident of the County of Nassau and State of New York.

2. Upon information and belief, at all times hereinafter-mentioned, defendant THE STOP & SHOP SUPERMARKET COMPANY a/k/a STOP & SHOP, LLC. (hereinafter "Stop & Shop) is a foreign limited liability company with its principal place of business located at 1385 Hancock St, Quincy, MA, 02169

3. Upon information and belief, at all times hereinafter-mentioned, Stop & Shop is a foreign company duly authorized to do business in the State of New York.

4. Stop & Shop is a supermarket chain operating more than 400 stores throughout New York, New England and New Jersey.

5. On September 3, 2017, Stop & Shop operated a supermarket known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1332, as there is diversity of citizenship between the plaintiff, who is a resident of the County of Nassau and State of New York, and the defendants herein, whose principal office/ place of business is located in the State of Massachusetts, and the amount in controversy exceeds $75,000.

7.   Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiff resides in this district, the accident occurred within the defendants supermarket located in this district, all witnesses reside in New York and plaintiff's treating physicians maintain offices in State of New York.

## FACTS

8.   On September 3, 2017, defendant Stop & Shop was the owner of the premises known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

9.   On the aforesaid date, defendant Stop & Shop was the lessor of the premises known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

10.   On the aforesaid date, defendant Stop & Shop, its agents, employees and/or servants operated the premises known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

11.   On the aforesaid date, defendant Stop & Shop, its agents, employees and/or servants controlled the premises known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

12.   On the aforesaid date, defendant Stop & Shop, its agents, employees and/or servants maintained the premises known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

13. On the aforesaid date, defendant Stop & Shop, its agents, employees and/or servants permitted the above-mentioned premises to be open to the public as a supermarket.

14. On the aforesaid date, defendant Stop & Shop had a duty to maintain the aforementioned premises in a reasonably safe condition.

15. On September 3, 2017 at approximately 3:30 p.m., plaintiff, Josephine Damato, was lawfully in the supermarket known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050.

16. On September 3, 2017 at approximately 3:30 p.m., while plaintiff, Josephine Damato, was lawfully walking around an end-cap in between aisles in the supermarket known as Stop & Shop 100546, located at 65 Shore Road, Port Washington, New York 11050 (hereinafter the "accident location"), items stored at an unreasonable height atop the shelves thereat, fell from the shelf and struck plaintiff's person.

17. The above-mentioned incident caused severe injuries to plaintiff.

18. The defendant, Stop & Shop, its agents, servants and/or employees were careless and negligent in failing to keep and maintain the aforementioned premises and accident location in a safe and proper condition; in causing, allowing and permitting the accident location to be, become and remain in a dangerous, hazardous and trap-like condition; in failing to properly and adequately supervise their agents, servants and/or employees in maintaining the premises in general and accident location in particular; in allowing the items stored atop the shelves at the accident location to become or remain at an unreasonable height and in a dangerous, hazardous and trap-like condition; in causing the items stored atop the shelves at the accident location to become or remain at an unreasonable height and in a dangerous, hazardous and trap-like condition; in failing to hire or contract with competent personnel to insure that the premises in

general and accident location in particular was kept in a proper and safe condition; in hiring incompetent personnel to insure that the premises in general and accident location in particular was kept in a proper and safe condition; in failing to properly supervise cleaning and/or maintenance personnel; in failing to inspect the items stored at an unreasonable height atop the shelves at the accident location to determine if it was in a proper and safe condition; in failing to secure the items stored at an unreasonable height atop the shelves at the accident location so as to prevent said items from falling off the shelf; in failing to give sign, signal and/or warning to plaintiff and others that the accident location was in a dangerous, hazardous and trap-like condition; in otherwise failing to exercise due care, diligence and forbearance so as to have avoided this accident and the injuries to plaintiff herein; and in violating those laws, ordinances, statutes, rules and regulations applicable thereto, of which the Court may take judicial notice and Plaintiff has no further information until discovery is exchanged. Said accident occurred without any contributory negligence on the part of the claimant.

19. Solely by reason of the said accident and the negligence and carelessness of the defendant, as aforesaid, the plaintiff, Josephine Damato, is personally and severely injured, does incur expenses for medical care and treatment and is unable to attend to usual duties, and, upon information and belief, certain of plaintiff's injuries, together with the pain, suffering and inconvenience accompanying the same, are permanent in nature and will continue in the future, all to plaintiff's damage in a sum which exceeds the sum of $75,000.00.

20. That by reason of the foregoing, plaintiff, JAIME A. MORENO, has been damaged in an amount exceeding the sum of $75,000.00.

21. Article 16 does not apply to the aforementioned facts and circumstances.

**WHEREFORE**, plaintiff demands judgment against the defendant THE STOP & SHOP SUPERMARKET COMPANY a/k/a STOP & SHOP, LLC., for a sum of which exceeds the sum of $75,000.00, together with the costs and disbursements of this action.

DATED:  Jericho, New York
           September 22, 2017

By: _____
      EVAN GEWIRTZ, ESQ. (EG9695)
THE GEWIRTZ LAW FIRM
*Attorney's for Plaintiff*
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 829-1600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOSEPHINE DAMATO,   2017 Civ. _____ (___)

                       Plaintiff,   **ATTORNEY VERIFICATION**

   -against-

THE STOP & SHOP SUPERMARKET COMPANY   Jury Trial Demanded
a/k/a STOP & SHOP, LLC.,

                       Defendants.
----------------------------------------------------------------------x
STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NASSAU    )

      I, undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

      I am the attorney-of-record or of counsel with the attorney(s) of record, for plaintiff. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

      Interviews and/or discussions with the plaintiff and papers and/or documents in the file.

      The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county/state from where your deponent maintains his office for the practice of law.

Dated:  Jericho, New York
        September 22, 2017

                                                                  _____
                                                                  Evan Gewirtz, Esq. (EG9695)